State v. Brown

APPEAL by respondent from *Harris, Judge.* Order entered 5 May 1975 in District Court, GASTON County. Heard in the Court of Appeals 10 November 1975.

Petitioner, Margaret R. Crouch, instituted this proceeding for the involuntary commitment of her husband, John Lewis Crouch. From the order of the district court entered 5 May 1975, committing him to Broughton Hospital for a period of ninety days, respondent appealed to this Court pursuant to G.S. 122-58.9.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Roberts and Caldwell, P.A., by Jesse B. Caldwell III, for respondent.*

MARTIN, Judge.

STATE OF NORTH CAROLINA v. ODESSA GARNER BROWN

No. 7514SC685

(Filed 7 January 1976)

**1. Criminal Law § 166— abandonment of exceptions**

Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be deemed abandoned.

**2. Criminal Law § 166— failure to file brief**

Failure of appellant to file a brief works an abandonment of his assignments of error except those appearing upon the face of the record proper, which are cognizable *ex mero motu.*

APPEAL by defendant from *Canaday, Judge.* Judgment entered 24 April 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 November 1975.

The defendant was charged in a bill of indictment with felonious possession of heroin with intent to sell or deliver. Defendant pleaded not guilty and was tried by a jury.

The jury returned a verdict of guilty as charged. From a judgment imposing a term of imprisonment, the defendant seeks a review.

MARTIN, Judge.

[1, 2] No briefs have been filed, nor was oral argument undertaken. Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Failure by appellant to file a brief works an abandonment of his assignments of error, except those appearing upon the face of the record proper, which are cognizable *ex mero motu. State v. Dockery,* 23 N.C. App. 554, 209 S.E. 2d 339 (1974).

Error does not appear upon the face of the record.

No error.

Judges VAUGHN and CLARK concur.